# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

KENDAL BELLARD

VERSUS

HENRY A. HOLLIER, NICOLLE
HOLLIER, AND ABC INSURANCE
COMPANY

NO.   2025 CW 1016

**MARCH 09, 2026**

---

In Re:   Kendal Bellard, applying for supervisory writs, 19th
         Judicial District Court, Parish of East Baton Rouge,
         No. 741660.

---

**BEFORE:   MILLER, EDWARDS, AND FIELDS, JJ.**

**WRIT GRANTED.** The portion of the trial court's September 10, 2025 judgment which granted defendant's, Amazon Logistics, Inc., Exception of Prematurity is reversed. The Federal Arbitration Act, 9 U.S.C. § 1, exempts employment contracts with workers engaged in interstate commerce from the FAA. The United States Supreme Court has stated ". . . while we did not provide a complete definition of 'transportation worker,' we indicated that any such worker must at least play a direct and 'necessary role in the free flow of goods' across borders." **Sw. Airlines Co. v. Saxon**, 596 U.S. 450, 458, 142 S.Ct. 1783, 1790, 213 L.Ed.2d 27 (2022), citing **Circuit City Stores, Inc. v. Adams**, 532 U.S. 105, 121, 121 S.Ct. 1302, 1312, 149 L.Ed.2d 234 (2001). Generally, there appears to be no dispute that plaintiff, Kendal Bellard, delivered Amazon packages, which began within the flow of interstate commerce. See **Miller v. Amazon.com, Inc.**, No. 21-36048, 2023 WL 5665771, (9th Cir. 2023). Accordingly, under the Federal Arbitration Act, 9 U.S.C. § 1, the employment contract of Kendal Bellard, as a transportation worker, is exempt from arbitration. Therefore, the exception of prematurity filed by defendant, Amazon Logistics, Inc., is denied.

SMM
BDE
WEF

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT